## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| ALEX SONNI GLOVER, JR. | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-965-M |
| | ) | |
| MR. JOHN FOX, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing pro se, has brought this action pursuant to 28 U.S.C. § 2241 challenging his sentence's legality. United States Chief District Judge Vicki Miles-LaGrange referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The undersigned has promptly examined the pleading and recommends the action be dismissed for lack of jurisdiction.

## I.    Background.

Petitioner was convicted of a federal crime and sentenced in the United States District Court for the Northern District of Oklahoma, Case No. 05-cr-00111. Doc. 1, at 2.[1] He appealed and the Tenth Circuit Court of Appeals denied relief. *Id*. at 3; Doc. 3, at 3. Petitioner then filed a motion under 28 U.S.C. § 2255 in the Northern District of Oklahoma arguing the court misapplied *Taylor*

---

[1]     Citation to page numbers refers to this Court's CM/ECF pagination.

*v. United States*, 495 U.S. 575 (1990) in determining his prior conviction could be considered under the Armed Career Criminal Act.  Doc. 1, at 2, 4; Doc. 3, at 3.  The district court rejected the argument, and the Tenth Circuit Court of Appeals denied Petitioner's motion for a certificate of appealability.  Doc. 1, at 2, 4; Doc. 3, at 3.

Petitioner now seeks relief in this Court arguing that *Descamps v. United States*, 133 S. Ct. 2276 (2013) recently "clarified" *Taylor* and establishes that the sentencing court misapplied his prior conviction.  Doc. 1, at 2; Doc. 3, at 8-17.  Petitioner explains he filed his action under 28 U.S.C. § 2241 because 28 U.S.C. § 2255 proves inadequate to test his detention's legality.  Doc. 1, at 2; Doc. 3, at 6-9.  Petitioner argues that the "savings clause" allows him to proceed under § 2241 because:  (1) the Northern District of Oklahoma erred when it denied his *Taylor* claim; and (2) he cannot raise a statutory argument in a second § 2255 motion.  Doc. 1, at 2; Doc. 3, at 6-9.

## II.    The pleading's construction.

The threshold question is whether Petitioner's pleading is properly filed under § 2241.  The undersigned finds it is not.

Pleadings filed under § 2241 and § 2255 serve different and distinct purposes.  A petition filed under § 2241 "typically 'attacks the execution of a sentence rather than its validity and must be filed in the district where the

prisoner is confined.'" *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citation omitted). "A § 2255 motion, on the other hand, is generally the exclusive remedy for a federal prisoner seeking to 'attack the legality of detention, and must be filed in the district that imposed the sentence.'" *Id.* (citation and bracketing omitted).

Because Petitioner is challenging his sentence's legality, his claim would ordinarily fall within the purview of a § 2255 motion. However, § 2241 could provide an avenue for relief "under the limited circumstances provided in the so-called 'savings clause' of § 2255." *Id.* That "savings clause" provides that § 2241 may be appropriate to challenge a sentence's legality "if 'the remedy by § 2255 motion is inadequate or ineffective' . . . ." *Id.* (citation and bracketing omitted). "However, [a] § 2255 [motion] will rarely be an inadequate or ineffective remedy to challenge a conviction." *Id.*

The measure of inadequacy or ineffectiveness is "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). "If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." *Id.* "The clause is concerned with process – ensuring the petitioner an opportunity to bring his argument – not with substance – guaranteeing nothing about what the opportunity promised will ultimately yield in terms of relief." *Id.*

Petitioner seeks the savings clause's application on two grounds. First he argues that he should be allowed to proceed under § 2241 because the Northern District of Oklahoma erred in denying him relief in his first § 2255 motion. But as discussed above, the savings clause is only concerned with Petitioner's *opportunity* to raise the argument, and Petitioner admits he had that opportunity and took advantage of it. Further, a petition under "§ 2241 is not available to a petitioner simply because a 'court has denied him relief[.]'" *Prost*, 636 F.3d at 584 (citing 28 U.S.C. § 2255(e)). This is true even if the sentencing court had in fact erred in rejecting the § 2255 motion. *See id.* at 585 ("[A]n 'erroneous decision on a § 2255 motion' doesn't . . . render the § 2255 remedy itself inadequate or ineffective." (citation omitted)).

Second, Petitioner claims he is unable to raise a statutory argument in a second § 2255 motion.[2] Again, this argument does not authorize Petitioner to proceed under § 2241. "The fact that § 2255 bars [Petitioner] from bringing his statutory interpretation *now*, in a *second* § 2255 motion . . . , doesn't mean the § 2255 remedial process was ineffective or inadequate to test his argument."

---

[2] Second or successive § 2255 motions are restricted to claims involving either: (1) "newly discovered evidence . . . sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; " or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2).

*Prost*, 636 F.3d at 580; *see also Brace*, 634 F.3d at 1170 (rejecting petitioner's claim that § 2255 was inadequate or unavailable because he would be precluded from bringing a statutory interpretation argument in a second § 2255 motion).

For these reasons, the undersigned finds that the savings clause does not allow Petitioner to challenge his sentence's legality under § 2241 and his pleading must instead be construed as a motion arising under § 2255.

## III. This Court's lack of jurisdiction.

Having found that this Court must construe Petitioner's pleading as a § 2255 motion, the undersigned recommends dismissal.

Because a petitioner must file a § 2255 motion in the original sentencing court – here, the Northern District of Oklahoma – this Court lacks jurisdiction over the action. *See* 28 U.S.C. § 2255(a); *see also Owens-El v. Wiley*, 182 F. App'x 803 (10th Cir. 2006) ("Because § 2255 requires that a motion thereunder be filed in the sentencing court, and Mr. Owens-El was sentenced by the Central District of California rather than the District of Colorado, the district court lacked jurisdiction to consider his application when properly construed as a motion under § 2255."). Further, transfer to the United States District Court for the Northern District of Oklahoma would be futile, as that court would *also* lack jurisdiction over Petitioner's second and successive § 2255 motion. *See United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) ("'If the prisoner's pleading

must be treated as a second or successive § 2255 motion, the [sentencing] court does not even have jurisdiction to deny the relief sought in the pleading."' (citation and bracketing omitted)); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the Tenth Circuit] has granted the required authorization."). Accordingly, the undersigned recommends dismissing Petitioner's § 2255 motion without prejudice.

## IV. Recommendation and notice of right to object.

For the above stated reasons, the undersigned finds that Petitioner cannot proceed under § 2241 and his pleading must be construed as a § 2255 motion. With that construction, this Court lacks jurisdiction over the action. Because the sentencing court would also likely lack jurisdiction, the undersigned recommends that the Court dismiss the action without prejudice.

Petitioner is advised of his right to file an objection to this report and recommendation with the Clerk of this Court on or before the 14th day of October, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this report and recommendation waives the right to appellate review of both the factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This report and recommendation moots Petitioner's motion for

leave to proceed in forma pauperis, Doc. 2, and otherwise disposes of all issues referred to the undersigned Magistrate Judge in the above captioned matter.

ENTERED this 24th day of September, 2013.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE